IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-208 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| DEMETRIUS ANTOINE HARRIS, | ) | MOTION TO REVOKE ORDER OF |
| | ) | RELEASE |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Justin E. Herdman, United States Attorney, and Robert J. Kolansky, Assistant United States Attorney, and hereby files this Motion to Revoke Order of Release of Defendant Demetrius Antoine Harris.

I.  **Factual Background**

On April 26, 2018, a federal grand jury returned an indictment charging Defendant Demetrius Antoine Harris with Possession with Intent to Distribute a Detectable Amount of Heroin, Fentanyl, Carfentanil, Tramadol, 4-ANPP, and U-47700, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Further, the defendant was charged as Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1).  Finally, he was charged with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).   (R. 1: Indictment, PageID 1-3).

If convicted of Count 1, Possession with Intent to Distribute a Detectable Amount of Heroin, Fentanyl, Carfentanil, Tramadol, 4-ANPP, and U-47700, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), the defendant faces a mandatory minimum 5 year prison term.  If convicted of Count 3, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in

violation of 18 U.S.C. § 924(c)(1)(A)(i), the defendant faces a mandatory minimum 5 year prison sentence that must be run consecutively to any other sentences.  Therefore, the defendant is facing a sentence of at least 10 years' incarceration in this case, all of which is mandatory.

Further, the defendant has a substantial criminal history, and is likely to be found a career offender.  (Pretrial Services Report).  Having been convicted of three prior felony drug trafficking offenses, within the meaning of "controlled substance offense" as defined in 4B1.2(b) of the United States Sentencing Code, the government submits that the defendant will be deemed a career offender if convicted of Count 1.  In that case, the corresponding Offense Level will be 34, and the Criminal History Category will be VI, resulting in a guideline range of 262-327.

On May 22, 2019, Magistrate Judge Jonathan D. Greenberg held a detention hearing. The government proffered the Pretrial Services Report and facts[1] about the case.  (R. Minutes of Proceedings from Detention Hearing, May 22, 2019).  Specifically, the government proffered that these charges stem from a traffic stop by the Euclid Police Department ("EPD") on May 13, 2017, where the defendant was a passenger in a Lexus Rx300.  During the traffic stop, EPD officers conducted a probable cause search of the vehicle after they detected a strong odor of burnt and raw marijuana emanating from the vehicle, and observed marijuana particles around the defendant's mouth, among other observations.  During the search, EPD officers located a key fob for a separate vehicle.  The second vehicle, a Chevrolet Malibu, was parked nearby the location of the traffic stop.  In plain view, EPD officers observed a white powder and a small scale in the cup holder of the Chevrolet Malibu.  A probable cause search of the Malibu was also

---

[1] All of the facts proffered by the government during the Detention Hearing, and referenced within this motion, are supported by Euclid Police Department reports, which were turned over in discovery to defense counsel prior to the hearing, and which are available upon request by the Court.

conducted, and officers located multiple controlled substances, paraphernalia consistent with narcotics trafficking, and a gun within the vehicle.  The controlled substances were found to be 22.12 grams of a mixture or substances containing detectable amounts of Heroin, Fentanyl, Carfentanil, Tramadol, 4-ANPP, and U-47700.  Additionally, the loaded firearm that was located in the car was entered as stolen.  Further, it was determined that the firearm had been used in a homicide in the city of Cleveland.  Additional investigative steps revealed that the defendant's DNA was on the firearm and elsewhere throughout the vehicle, and his fingerprints were located as well.  Also within the center console of the vehicle, where some of the controlled substances were located, was a compact disc (CD) with the defendant's face on it.

Review of the pretrial services report shows a decade-long criminal history of drug trafficking and weapons offenses, and recurrent disregard for the authority of the criminal justice system.  (Pretrial Services Report, Pgs. 4-6).  The defendant has repeatedly incurred new arrests and convictions while on bond, and he has violated the terms of his probation/parole in all but one of his prior convictions.  (Id.).  When the defendant was arrested in the instant case, it had only been 17 days since he had been released from serving time for his most recent probation violation, which stemmed from a positive drug test.  (Id.).

The Pretrial Services Report recommended detention, and assessed the defendant as a PTRA score of 4.  (Id., Pg. 7).  Further, the Pretrial Services Report indicated that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  (Id.).

At the hearing, defendant proffered only that the government's case against him was circumstantial, and that members of his family were present in the courtroom.  Magistrate Judge

Greenberg heard argument, and subsequently took the matter under advisement. (R. Minutes of Proceedings from Detention Hearing, May 22, 2019).

On May 31, 2019, Magistrate Judge Greenberg ordered the defendant released with conditions, finding that the defendant had overcome both presumptions for detention. Magistrate Judge Greenberg presented his findings on the record. Notably, Magistrate Judge Greenberg relied heavily on his determination that the strength of the underlying case against the defendant is not strong.[2] The government requested a stay of the release order to allow time to seek review of Magistrate Judge Greenberg's decision to this Court. (R. Minutes of Proceedings from Release Hearing, May 31, 2019). Magistrate Judge Greenberg granted this request, and issued a stay on his order of release pending review of the instant motion. (Id.).

Pretrial Services presented an Addendum to the initial Pretrial Services Report at the release hearing on May 31, 2019. In this addendum, Pretrial Services indicates that an inspection was conducted at the address where the defendant's girlfriend lives. Despite finding this a suitable residence for home monitoring, should the defendant be released, Pretrial Services was clear in the addendum that they still recommend the defendant be detained, as there continues to be no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. (Pretrial Services Report, Addendum, Pg. 2).

---

[2] As will be discussed more fully below, the strength of the underlying case is not a factor to be considered pursuant to 18 U.S.C. § 3142(g). Instead, the "weight of the evidence against the person" is the factor to be considered. The Sixth Circuit, in United States v. Stone, 608 F.3d 939, 949 (6th Cir. 2010), made clear that this "factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." Therefore, the government submits that Magistrate Judge Greenberg's reliance on this factor should not be given any more weight than the other, more persuasive factors. Of course, the government submits that the facts of the underlying case are strong as well.

4

On May 31, 2019, the government requested the expedited production of the transcript of the detention hearing that took place on May 22, 2019. It is the government's understanding that the transcripts will be ready on Tuesday, June 4, 2019.

The government requests that this Court review the Magistrate Judge Greenberg's determination, revoke the order of release, and order Defendant Demetrius Harris detained pending trial.

## II.     Law and Argument

Pursuant to Title 18, United States Code, Section 3145, "If a person is ordered released by a magistrate, or by a person other than by a judge of a court having original jurisdiction over the offense . . . the attorney for the government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release."  18 U.S.C. § 3145(a)(1).

As noted above, Defendant Demetrius Harris is charged with Possession with Intent to Distribute a Detectable Amount of Heroin, Fentanyl, Carfentanil, Tramadol, 4-ANPP, and U-47700, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Additionally, he is charged in Count 3 of the Indictment with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Accordingly, each of these charges separately carries with it the rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" so long as there has been a probable cause finding.  18 U.S.C. § 3142(e)(3). Of course, "a grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged."  United States v. Stone, 608 F.3d 939, 945 (6th Cir. 2010).

The presumption in favor of detention imposes only a burden of production on the defendant, and the government retains the burden of persuasion. Id. "A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight. Although a defendant's burden of production is not heavy, he must introduce at least some evidence." Id. (internal citations and quotations omitted). The government submits that the defendant cannot rebut either presumption, and that he failed to do so during the detention hearing on May 22, 2019. To be sure, the defendant did not introduce any evidence at the detention hearing, save the fact that members of his family were in attendance. The mere fact that members of his family were present in the courtroom should not be given such significant weight as to rebut the presumptions that all parties agree exist. Therefore, the presumptions remain, and the defendant should be detained pending trial.

In the alternative, should this Court find that the defendant has rebutted the presumption for both of the above-enumerated offenses, the factors still weight heavily in favor of detention pending trial. The Sixth Circuit in Stone went on to state that, "[e]ven when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" Id. (citing United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001). This, the Court explained, is a reflection of "Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." Id. Therefore, the defendant "should present all the special features of his case that take it outside the congressional paradigm." Id. at 946 (internal citations and quotations omitted). Again, the defendant has clearly failed to do so.

The factors that are to be considered regarding detention are outlined in 18 U.S.C. § 3142(g):

6

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including--
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Review of these factors weigh heavily in favor of detention. The nature and circumstances of the instant offenses involve exceedingly dangerous and deadly controlled substances. Heroin, fentanyl, carfentanil, and the other opioids listed above are the substances at the heart of the opioid crisis facing our country. These substances are killing people en masse.

7

There is simply no argument that the distribution of these substances does not pose immense and immediate danger to the community.

Likewise, the defendant is charged with being a felon in possession of a firearm, and with possessing that firearm in furtherance of a drug trafficking crime.  Furthermore, the firearm at issue, with the defendant's DNA on it, has been previously reported stolen.  Beyond that, the firearm had previously been used in a homicide.  Any firearm in the hands of a previously convicted felon who is disabled from possessing a firearm is a significant risk to our community, let alone a stolen gun that has been used in a homicide.  As such, this factor weighs in favor of detention.

When reviewing the weight of the evidence against the person, it is important to note that this "factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." Stone, 608 f.3d at 949, citing United States v. Hazime, 762 F.2d 34, 37 (6th Cir. 1985) (noting that the weight of evidence against the person "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and safety of the community.").  As noted above, the defendant poses substantial risk to the safety of the community both by violence and drug trafficking.  Furthermore, he has repeatedly failed to appear for prior criminal cases, with three distinct CAPIAS warrants issued for him throughout his five prior convictions.[3]  Additionally, the defendant faces substantial incarceration if he is convicted of the offenses charged.  At a minimum, he faces 10 years imprisonment.  If he is found to be a career offender, which the government submits is likely, he

---

[3] The government notes that the criminal history section of the Pretrial Services Report shows four instances where a CAPIAS warrant was issued.  However, two of those four appear to be for the same court date, despite being related to two separate cases.

8

will face a standard range sentence of 262-327 months. The defendant has repeatedly failed to appear for court hearings in the past. Now, having been advised of the significant penalties he faces, he has every incentive to repeat his previous behavior of failing to appear. He poses a significant danger to the community and he has substantial incentive to flee. This factor weighs heavily in favor of detention.

At his detention hearing, the defendant argued that the government's case against him was circumstantial, noting that he was not in the car where the narcotics and firearm were found. This argument, of course, is irrelevant, as it focusses on the evidence pertaining to the underlying criminal charges, not the detention criteria. This weight of the evidence factor, thus, weighs in favor of detention.

Furthermore, in issuing his findings in favor of releasing the defendant, Judge Greenberg relied heavily on his assessment that the facts of the underlying criminal case against the defendant are weak. The government contests this finding. Nevertheless, Magistrate Judge Greenberg's substantial reliance on this finding is undue. Circuit Courts of Appeal have consistently held that "the weight of the evidence is the least important of [the] factors." United States v. Winsor, 785 F.2d 755 (9th Cir. 1986), citing United States v. Cardenas, 784 F.2d 937, 939 (9th Cir. 1986) ("[t]he weight of the evidence is the least important of these various factors, however, and the statute neither requires nor permits a pretrial determination that the person is guilty."). See also, United States v. Stone, 608 F.3d 939, 948 (6th Cir. 2010) (noting that the statute "neither requires nor permits a pretrial determination of guilt."). Therefore, even if this Court agrees with Magistrate Judge Greenberg's findings regarding the strength of the underlying case, this factor is still clearly outweighed by all of the other factors that indicate the defendant is a danger the community, and that he is likely to flee.

The third factor to be considered is "the history and characteristics of the person" as broken down in the statute. 18 U.S.C. § 3142(g)(3). The defendant's character is one of longstanding violations of the law and the court's authority. His criminal history of drug trafficking and unlawful possession of firearms dates back to 2008. Throughout that time, he fails to appear, he violates probation, he uses controlled substances, and he commits new, dangerous offenses. That factor weighs in favor of detention.

The defendant reports no physical or mental conditions, nor any need for treatment. (Pretrial Services Report, Pg. 2). This factor is neutral at best.

The defendant is unmarried and does not have children. (Id.). The defendant indicates that he does not know where his mother lives, and that his father has been deceased since 2006. (Id., Pg. 1). He rents a home with his girlfriend. He reports that he is self-employed as a music producer; however he cannot provide his monthly income. (Id., Pg. 2). Additionally, when called for verification, his girlfriend made no mention of his work as a producer, and instead told Pretrial Services that the defendant is employed as a home rehabilitation laborer. (Id.). This inconsistency casts doubt upon the validity of any gainful employment. He has no significant ties to the community, except that these are the places where he repeatedly commits criminal violations, and where he disobeys the court's orders. All of these considerations weigh heavily in favor of detention.

The defendant indicates that he smokes marijuana, a Schedule I controlled substance, and that he consumes codeine, a Schedule II controlled substance on a daily basis. (Id., Pg. 3). However, as noted above, the defendant states that he is in excellent physical health and has no mental health concerns. (Id.). Thus, his use of these illegal substances is voluntary, even while under court supervision. In fact, the defendant reports that the use of these controlled substances

10

takes place as his place of self-employment. (Id.). If any consideration is to be given to the fact that he self-reports employment, certainly his daily use of illegal substances while on the job cannot be construed as a positive.

To be sure, when it comes to his use of controlled substances, at the time of the current offense, the defendant was serving a sentence of community control from a 2015 conviction for Having Weapons under Disability. (Pretrial Services Report, Pgs. 4-6). Just days prior to the instant offense, the defendant was incarcerated for a violation of the terms of this probation as the result of a positive drug test. He was released from incarceration on April 26, 2017, just 17 days before this arrest. (Id.). This factor, and the defendant's utter disregard for the authority of the criminal justice system, weighs in favor of detention.

Finally, the court is to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). All of the facts regarding the defendant, discussed above, are relevant in this consideration. The only thing consistent about the defendant is his history of drug trafficking and weapon possession. He has no verifiable income, save the proceeds of drug trafficking. He has repeatedly put dangerous drugs on the street of the community, all while on court supervision. The pendency of criminal charges or the prospect of judicial supervision has yet to stop him from engaging in dangerous criminal behavior. This case is no different. Therefore, this factor weighs in favor of detention.

There is not a single factor weighing in favor of release. The defendant has been convicted three times of trafficking in drugs, and once of having a weapon under disability. Throughout that time, he repeatedly violated the terms of his bond, sentence, or probation. He has incurred new convictions for dangerous offenses. He has no significant ties to the community whatsoever. He voluntarily consumes controlled substances while on court

11

supervision. He possesses dangerous, stolen weapons that have been used to kill someone within the community. He is facing significant incarceration, and has a documented history of repeatedly failing to appear at court hearings. Review of the detention factors makes clear that detention is necessary to protect the community and to ensure the defendant's appearance at future court hearings.

### III. Conclusion

Based on the foregoing argument, the Government requests that this Court review Magistrate Judge Greenberg's release order and find that there are no conditions or combination of conditions that would reasonably assure Defendant Demetrius Antoine Harris's appearance in the Northern District of Ohio or the safety of the community.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Robert J. Kolansky
Robert J. Kolansky (PA: 316899)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3780
(216) 522-7499 (facsimile)
Robert.Kolansky@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 31st day of May 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                       /s/ Robert J. Kolansky
                                       Robert J. Kolansky
                                       Assistant U.S. Attorney